UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dewey E. Freshley, Jr. ) | |
| ) | CR No.:  4:08-cr-274-RBH |
| v. ) | |
| ) | **ORDER** |
| United States of America ) | |
| ) | |
| _____ ) | |

This matter is before the court on motion by petitioner Dewey E. Freshley, Jr., to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

I.  BACKGROUND AND PROCEDURAL POSTURE

Petitioner was charged in a three count indictment with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), 924(a)(2) and 924(e) (Count 1); possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count 2); and using and carrying a firearm in relation to a drug trafficking crime and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). Petitioner pleaded guilty to Count Three of the indictment on July 9, 2009. On August 25, 2009, the court sentenced petitioner to five years consecutive to any other sentence, followed by five years supervised release. No appeal was taken.

Petitioner returns to this court by way of petition filed August 31, 2010, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  He contends that his trial counsel, James P. Rogers, of the Federal Pubic Defender's Office, denied him effective assistance of

1

counsel. The government filed a response to the petition on September 1, 2010, together with a motion for summary judgment and attached affidavit of trial counsel. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court apprised petitioner of his right and obligation to respond to the motion for summary judgment, which was due on October 7, 2010. No response has been filed.

II. Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon,* 205 Fed. Appx. 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon,* 231 F.3d 923, 925-27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving

2

inconsistencies beyond the record." *United States v. Robinson,* 238 Fed. Appx. 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson,* 495 F.3d 134, 139-40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.'" *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States,* 68 F.3d 238, 240 (8th Cir. 1995)).

A guilty plea is a solemn, judicial admission of the truth of the charges against an individual; thus, a criminal inmate's right to contest the validity of such a plea is usually foreclosed. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977) (Guilty pleas "carry a strong presumption of verity" and, as a result, present "a formidable barrier in any subsequent collateral proceedings."). "If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." *United States v. Lambey,* 974 F.2d 1389, 1394 (4th Cir. 1992). In evaluating ineffective assistance of counsel claims presented after entry of a guilty plea, the defendant's statements made under oath at the plea hearing, affirming satisfaction with counsel's representation, are binding on the defendant, absent clear and convincing evidence to the contrary. *United States v. Lemaster,* 403 F.3d 216, 221-22 (4th Cir. 2005). "[T]he truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict sworn statements." *Id.*

3

After studying the parties' positions as set out in their respective submissions, the court has determined that an evidentiary hearing is not necessary and that the § 2255 petition should be denied for the reasons set out in this order.

III.  GROUNDS FOR PETITION

Petitioner contends in his Petition that his trial counsel denied him effective assistance of counsel in his representation. He contends that his attorney was ineffective in advising Petitioner to plead guilty to a violation of 18 U.S.C. § 924(c) and that his attorney incorrectly advised him that he would receive a sentence of 37 months.

A. INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. To establish ineffective assistance of counsel in the context of a guilty plea, a defendant must demonstrate (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A court need not address both components of this inquiry if the defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

Regarding "deficient performance," the court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689 (judicial scrutiny of counsel's performance must be highly deferential). While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed

4

ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996).

Construing petitioner's motion liberally, the court finds his claim of ineffective assistance of counsel to be without merit. Therefore, he cannot show that he was prejudiced by his counsel's performance. To the contrary, Attorney Rogers appropriately negotiated the plea deal in order to avoid a much higher sentence.[1]

"In order to establish a violation of § 924(c), the evidence must tend to show that the firearm furthered, advanced, or helped forward a drug trafficking crime." *United States v. Sullivan*, 455 F.3d 248, 259 (4th Cir. 2006)(internal quotation marks omitted). In determining whether a firearm furthered a drug trafficking crime, "[a] trier of fact might include . . . in its consideration . . . the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, . . . whether the gun is loaded, proximity to drugs or profits, and the time and circumstances under which the gun is found." *Id*.

The factual basis for the charges arose from the execution of a state arrest warrant. When the petitioner was arrested, the officer patted down the petitioner and found about 2 grams of crack cocaine and a loaded .380 pistol. Petitioner stated that he did not usually sell drugs but that he had fallen on hard times. At the guilty plea hearing, the Court questioned

---

[1] According to the affidavit of Attorney Rogers, "Mr. Freshley was also charged with Felon in Possession and Possession with Intent to Distribute Crack Cocaine. Had he pled guilty to either of those offenses, he would have been determined to be a Career Offender and would have been subjected to a sentence range of 262 to 327 months." (Docket Entry # 47-1, Paragraph 4.)

the petitioner regarding whether he agreed with the prosecutor's summary and he stated that he did. The Court further asked him whether he was guilty of the offenses, to which he responded that he was guilty.

Based on the above, Petitioner has failed to show any deficient performance on the part of his attorney and therefore his claim of ineffective assistance of counsel cannot be sustained. Both the pistol and cocaine were found in Petitioner's direct possession as he was walking down the street. Petitioner also admitted that he was dealing drugs. A jury could have easily connected the gun and crack cocaine, where Petitioner admitted that he was selling drugs. The gun was readily accessible to Petitioner, as he was carrying it on his person.

Petitioner's reliance on *Bailey v. United States*, 516 U.S. 137 (1995) is misplaced. The Supreme Court in *Bailey* discussed the "use" element for a violation of Section 924(c), and Petitioner pleaded guilty in this case to "possession" of the rifle in furtherance of the drug trafficking crime. Therefore, the government was not required to show that Petitioner actively employed the pistol. In an unpublished *per curiam* opinion, the Fourth Circuit has held that Section 924(c) "indeed creates distinct 'use and carry' and 'possession' offenses." *United States v. Woods*, 271 Fed. Appx. 338, 2008 WL 795312 (4th Cir. 2008).

As to the allegation by the petitioner that his attorney promised him he would receive 37 months, Attorney Rogers denies this in his affidavit, and, although the guilty plea hearing has not been transcribed, this Court always asks defendants during the plea colloquy if anyone has promised them what sentence they will receive. If the Petitioner had claimed that

he had been promised something, then the Court would have inquired further into the matter and would have refused to take the plea if the defendant had claimed that a promise had been made. The Court did proceed to take the plea, thus indicating that the current allegation contradicts the Petitioner's own sworn statements.

Regardless and more importantly, the mandatory minimum sentence required by law for a violation of 18 U.S.C. § 924(c) was five years, which is the sentence that Petitioner received, and the Court advised him of this at the guilty plea hearing. Also, the signed plea agreement set forth the penalties, which included the five year statutory minimum. Moreover, Petitioner responded to a Client Questionnaire from the Federal Public Defender's Office as follows: "My attorney did a excellent job for me. . . Thank God for a attorney like him. Because he was God sent to me." (Docket Entry # 47-1). Thus, on the basis of all of the above, the allegation of the petitioner lacks merit.

IV. CONCLUSION

For the reasons contained herein, petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Respondent's motion for summary judgment is granted. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

**IT IS SO ORDERED**.


November 2, 2010                   s/R. Bryan Harwell
Florence, South Carolina        R. Bryan Harwell
                                                United States District Judge